| | |
|---|---|
| 1 | E. PATRICK ELLISEN (CA 142033) |
| | elllisenp@gtlaw.com |
| 2 | KAREN ROSENTHAL (CA 209419) |
| | rosenthalk@gtlaw.com |
| 3 | GREENBERG TRAURIG, LLP |
| | 1900 University Ave., 5th Floor |
| 4 | East Palo Alto, California 94303 |
| | Telephone: (650) 328-8500 |
| 5 | Facsimile: (650) 328-8508 |
| 6 | Attorneys for Plaintiffs, |
| | SALVESTRIN WINE COMPANY, LLC & |
| 7 | BECKSTOFFER VINEYARDS |

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| SALVESTRIN WINE COMPANY, LLC, a California limited liability company, and BECKSTOFFER VINEYARDS, a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>NATURAL SELECTION 357, LLC, a California limited liability company,<br><br>Defendant. | CASE NO.<br><br>**COMPLAINT FOR:**<br><br>(1) **UNFAIR COMPETITION (FALSE ENDORSEMENT) UNDER 15 U.S.C. § 1125(A)(1)(A)**<br>(2) **UNFAIR COMPETITION (FALSE ADVERTISING) UNDER 15 U.S.C. § 1125(A)(1)(B)**<br>(3) **UNFAIR COMPETITION UNDER CAL. BUS. & PROF. CODE §§ 17200,** *et seq.* **and 17500,** *et seq.*<br>(4) **COMMON LAW TRADEMARK INFRINGEMENT**<br>(5) **COMMON LAW UNFAIR COMPETITION**<br>(6) **DECLARATORY JUDGMENT**<br><br>**DEMAND FOR JURY TRIAL** |

COMPLAINT

Plaintiffs SALVESTRIN WINE COMPANY, LLC ("Salvestrin") and BECKSTOFFER VINEYARDS ("Beckstoffer") (collectively, "Plaintiffs") for their Complaint against Defendant NATURAL SELECTION 357, LLC ("Defendant" or "Natural Selection"), allege as follows:

## Nature of the Action

In this action, Plaintiffs seek injunctive, monetary and declaratory relief for acts of trademark infringement and unfair competition under the laws of Title 15 of the United States Code, acts of trademark infringement, and unfair competition under the laws of the State of California, and acts of trademark infringement and unfair competition under the common law of the State of California.

## The Parties

1. Salvestrin Wine Company is a California limited liability company with its principal place of business in St. Helena, California. Salvestrin is a highly-regarded, third-generation, family-owned winery that has been growing and selling its own grapes since 1933 and producing wines of the highest quality since 1994.

2. Beckstoffer Vineyards is a California corporation with its principal place of business in Rutherford, California. Established in the 1970's, Beckstoffer is one of the largest privately held growers of wine grapes in the State of California, farming over approximately 3,600 acres of vineyards.

3. On information and belief, Natural Selection 357, LLC is a California limited liability company with a place of business in Walnut Creek, California.

## Jurisdiction and Venue

4. This action arises under § 1125(a) of the Trademark Act of July 5, 1946, as amended, commonly known as the Lanham Act, 15 U.S.C. § 1051 *et seq.*; Cal. Bus. & Prof. Code §§ 17200, *et seq.* and 17200, *et seq.*; and the common law of the State of California.

5. The Court has jurisdiction under 28 U.S.C. §§ 1331, 1338(a), and 1367 and 15 U.S.C. § 1121.

6. Venue is proper within this judicial district under 28 U.S.C. § 1391(b) because Defendant has extensive contacts with, and conducts business within, the State of California and this judicial district; the causes of action asserted in this Complaint arise out of Defendant's contacts within this judicial district; and because Defendant has caused injury to Plaintiffs in this judicial district.

**Intradistrict Assignment**

7. Pursuant to Civil L.R. 3-2(c), this Intellectual Property action is exempt from intradistrict assignment.

**Background Facts**

8. This case involves the historic Crane heritage vineyard site located in St. Helena, a grape vineyard that was originally planted on or about 1858 by Napa Valley pioneer Dr. George Belden Crane (1806-1898), who was also known as "G.B. Crane" and "Dr. Crane." The majority of the historic Crane vineyard that is still farmed today is owned by the two plaintiffs (Salvestrin and Beckstoffer), who for decades have used the marks OLD CRANE, OLD CRANE RANCH and DR. CRANE in connection with production of wine grapes and wines connected to the historic Crane vineyard site. Defendant recently purchased a portion of the historic Crane vineyard site and has begun producing, marketing, selling and distributing wines bearing the mark G.B. CRANE, which is confusingly similar to the marks used by Plaintiffs. Defendant has launched a wine brand under the G.B. CRANE name, thus attempting to co-opt for itself the Crane vineyard legacy and create confusion among consumers surrounding the prior and decades-long association of the historic Crane heritage vineyard site with each Plaintiff.

*Salvestrin's Use Of The Crane Mark.*

9. In 1932, the Salvestrin family purchased a significant portion of the historic Crane ranch and vineyard from Dr. George Belden Crane's heirs. At that time, Salvestrin began using the OLD CRANE RANCH trademark to denote wine grapes grown on the OLD CRANE vineyard. In 1994, Salvestrin began producing its own top-quality wine using grapes from the OLD CRANE RANCH vineyard. The Salvestrin family has owned their portion of the historic Crane ranch even longer than the Crane family owned the land. Salvestrin has preserved its Crane property with sustainable farming for over 82 years and has shared history with this historic site through winemaking for the last 20 years. Indeed, Salvestrin's website has long referenced the historical significance of the Crane vineyard. (**Exhibit A** are true and correct copies of photographs of exemplary labels – both front and back – from Salvestrin 2001 and 2008 Cabernet Sauvignon (respectively) from the Crane vineyard, which back labels specifically reference the Dr. George Belden Crane vineyard history, and which front labels depict the "Crane House", an image used continuously by Salvestrin since 1994).

3
COMPLAINT

10. In addition to using the OLD CRANE RANCH vineyard designation trademark in connection with grapes grown on its property, Salvestrin has used the OLD CRANE and OLD CRANE RANCH marks since at least 1995 as a vineyard designation for OLD CRANE RANCH vineyard grapes grown by Salvestrin on its OLD CRANE RANCH vineyard and sold to the famous vintner Robert Biale Vineyards. For example, since 1998, Salvestrin has included the mark OLD CRANE RANCH on its "weigh-tags" for grapes sold by Salvestrin in order to designate the unique source of these grapes for purchasers, thus showing Salvestrin as the source of Old Crane Ranch grapes and thereby creating trademark significance associated with Salvestrin.

11. With an express license from Salvestrin, Robert Biale Vineyards has used the OLD CRANE RANCH trademark in connection with its high quality wine as a vineyard designation, *i.e.*, an indicator of source of the wine grapes used to produce the wine. Robert Biale Vineyards began purchasing the OLD CRANE RANCH grapes from the Salvestrin family in 1995. Robert Biale Vineyards began using the mark OLD CRANE RANCH in connection with its 1995 vintage production and began commercial use of the mark OLD CRANE RANCH on its 1995 vintage wine labels. (**Exhibit B** is a true and correct copy of a photograph of a Robert Biale Vineyards Zinfandel wine label with the OLD CRANE RANCH mark.)

12. Salvestrin has thus continuously and extensively used its OLD CRANE RANCH mark in commerce and in marketing materials: (a) to denote wine grapes used by Salvestrin in its own wine; (b) to denote wine grapes sold to Robert Biale Vineyards under license; and (c) in connection with "Crane House," a bed and breakfast inn owned and operated by Salvestrin since the early 1990s and located on the historic estate of Dr. Crane within the OLD CRANE ranch and vineyard.

13. As a result of Salvestrin's extensive, long-term use and promotion, the OLD CRANE vineyard designation and OLD CRANE RANCH trademark have acquired substantial goodwill, consumer recognition, and have come to be widely recognized as trademarks identifying wine grapes grown by Salvestrin on Salvestrin's OLD CRANE RANCH vineyard and used in the production and sale of wine by both Salvestrin and Salvestrin's licensee.

14. In 2001, and subsequently in 2009, and then 2014, Salvestrin filed Fictitious Business Name Statements listing various fictitious business names, including OLD CRANE RANCH, OLD

CRANE WINERY, OLD CRANE VINEYARD, OLD CRANE CELLARS and OLD CRANE VINEYARDS. In addition, Salvestrin's filings include the following fictitious business names: G.B. CRANE CELLARS, G.B. CRANE RANCH, G.B. CRANE WINERY, G.B. CRANE ESTATE, G.B. CRANE VINEYARD, G.B. CRANE VINEYARDS, G.B. CRANE and G.B. CRANE ESTATE VINEYARDS.

***Beckstoffer's Use Of The Crane Mark.***

15. Since its inception in the 1970's, Beckstoffer has been dedicated to the acquisition, farming and preservation of historical "heritage" vineyards in Napa Valley that produce high quality wine grapes. Beckstoffer identifies, promotes and sells in U.S. commerce its high quality wine grapes from Napa Valley heritage vineyards by designated names including, but not limited to, "Las Piedras," "Georges III," "To Kalon," "Missouri Hopper," "Bourn" and, most relevant to this Complaint, "DR. CRANE."

16. Beckstoffer acquired its portion of the DR. CRANE heritage vineyard site in St. Helena, California in or about 1997.

17. Shortly after the acquisition of the vineyard, in order to honor and promote the heritage vineyard site and grapes produced therefrom, Beckstoffer placed a highly visible public sign bearing the "DR. CRANE" vineyard name at the corner of South Crane Avenue and Grayson Avenue, St. Helena. A second sign bearing the DR. CRANE name was placed on California State Highway Route 29, Main Street in St. Helena on or about 2000.

18. Beckstoffer's DR. CRANE name and mark has been used and continues to be used on Beckstoffer's website in connection with the advertising and promotion of Beckstoffer's business since at least 2002. For this and other reasons mentioned herein, consumers have for years recognized the DR.CRANE name and mark as designating a single source of vineyard grapes and wines from the historic Dr. George Belden Crane vineyard. Therefore, the name and mark DR. CRANE as used by Beckstoffer has trademark significance in the minds of the relevant consumers and is associated with Beckstoffer.

19. Historical maps of the St. Helena region identify the vineyard area originally planted by the late Doctor Crane as "G.B. Crane," and Beckstoffer uses and has used portions of the map bearing

the G.B. Crane name in connection with the advertising and promotion of Beckstoffer's DR. CRANE heritage vineyard site and the grapes that are produced therefrom.

20. Since at least as early as 2002, Beckstoffer has sold and continues to sell high quality grapes from the DR. CRANE heritage vineyard to area vintners for the express purpose of producing wines of the highest quality and reputation under a "Vineyard Designate Program." Under the Vineyard Designate Program, the vintner is granted a non-exclusive license to use Beckstoffer's vineyard designation, *i.e.*, "BECKSTOFFER DR. CRANE VINEYARD" to denote the origin of the grapes used to produce the wine on the vintner's wine label, in general promotion in major/national markets and in wine tasting and judging events. The wine produced under the Vineyard Designate Program has generally received high professional reviews and favorable ratings with express reference to the Beckstoffer DR. CRANE vineyard. (**Exhibit C** is a true and correct exemplar compilation of wine bottle labels showing use of the DR. CRANE mark by third party vintners that have produced wines from Beckstoffer's vineyard grapes.) Beckstoffer has also used the mark DR. CRANE for a variety of marketing and sales purposes.

21. Beckstoffer's licensees promote in U.S. commerce the heritage of the DR. CRANE vineyard and grapes in the advertising and sale of the licensed vintner's wine. Many of Beckstoffer's licensees label their high end Cabernet Sauvignon wine expressly with the designation "BECKSTOFFER DR. CRANE VINEYARD" and make such wines available online for sale by purchasers. (For example, **Exhibit D** is a true and correct copy of a "screen-shot" from "wineranger.com", a well-known online consignment store for collectible wine, selling/offering Paul Hobbs "BECKSTOFFER DR. CRANE VINEYARD" Cabernet Sauvignon).

22. In addition, since at least 2002, Beckstoffer has sold and continues to sell high quality grapes from the DR. CRANE heritage vineyard to other third party vintners designated as Beckstoffer DR. CRANE and/or DR. CRANE. These consumers have for years recognized the DR. CRANE name and mark as designating a single source of grapes of the highest quality and reputation. Thus, the name and mark DR. CRANE as used by Beckstoffer in this context has trademark significance in the minds of relevant consumers and is associated with Beckstoffer.

23. As a result of the extensive use and promotion of the DR. CRANE vineyard designation

name and mark in U.S. commerce in connection with the cultivation and sale of grapes and wines made from those grapes and the high professional ratings of those wines, Beckstoffer has acquired significant goodwill and consumer recognition of the DR. CRANE name as an identifier of source of wine grapes, the cultivation of grapes for others and wines made from those grapes by others.

### Defendants' Actions

*Defendant's Use of the G.B. CRANE Mark*

24.   Defendant is currently producing, marketing, selling and distributing two wines bearing the G.B. CRANE mark.  The two wines are called G.B. Crane – Cabernet Sauvignon, and G.B. Crane – El Coco, both Vintage 2012.  Defendant has registered the domain name www.gbcrane.com.  According to Defendant's website, the wine will be available in the Fall of 2014.  (**Exhibit E** is a true and correct copy of Defendant's home page, and a further web-page describing the two G.B. CRANE wines.)

25.   Defendant's wines which bear the G.B. CRANE mark are sold by numerous retailers and are featured on wine lists in various restaurants around the country.

26.   The wines produced by Defendant, bearing the G.B. CRANE mark, are advertised and promoted in similar types of sales channels, in publications and distributed at similar types of retail establishments and restaurants as the wines produced by Salvestrin and by the vintners associated with Beckstoffer.

27.   Natural Selection intends to use the G.B. CRANE trademark and Natural Selection's G.B. Crane Trade Names in connection with the promotion and sale of "wines" and "vineyard and winery services, namely, the cultivation of wines for others" at Natural Selection's vineyard location in St. Helena with the specific intent to market and promote a connection between Natural Selection and the late Dr. Crane and the geographic significance of the G.B. Crane vineyard area.  Defendant has launched a wine brand under the G.B. CRANE name, thus attempting to co-opt for itself the Crane vineyard legacy.

28.   On information and belief, Natural Selection intends to build and operate a winery on Natural Selection's vineyard next to the Salvestrin Winery under one or more of Natural Selection's G.B. Crane trade names.  On information and belief, Natural Selection intends to continue producing,

marketing, selling and distributing wines bearing the G.B. CRANE mark.

29. Natural Selection has adopted and is using the fictitious trade names "G.B. Crane," "G.B. Crane Estate" and the domain name, "gbcrane.com" ("Natural Selection's G.B. Crane Trade Names") in connection with the advertising and sale of wines.

30. Natural Selection has adopted and is using a stylized form of the mark "G.B. Crane" in connection with wines; this stylized form of the mark, on information and belief, is meant to appear to be the original signature of the late Dr. G.B. Crane ("Natural Selection's G.B. Crane Signature Mark").

31. Natural Selection is using on wine labels an image of a letter "C" inscribed in stone; on information and belief, this image is meant to appear to be a symbol or crest of the late Dr. G.B. Crane or Dr. Crane's family ("Natural Selection's Letter C Crest").

32. By the use and promotion of the G.B. Crane Trade Names, the G.B. Crane Signature Mark and Natural Selection's "Letter C" Crest in connection with the sale of "wines," Natural Selection intends to create a direct association in the minds of consumers with the late Dr. Crane. On information and belief, Natural Selection has no association with the late Dr. Crane, his descendants or his estate. As such, Defendant's use of the G.B. Crane Trade Names, the G.B. Crane Signature Mark and Natural Selection's "Letter C" Crest constitutes false, misleading and unlawful endorsements and statements made to the public with intent to mislead and deceive the public. Such endorsements/statements on information and belief have and will continue to cause direct, actual and imminent injury to Plaintiffs, including that they will contribute to consumer confusion as to an association with Plaintiffs or Plaintiffs' products.

33. On information and belief, Defendant is using and will use the G.B. CRANE name on blended wines made from grapes grown in other areas, *i.e.,* not grown in the historic G.B. CRANE vineyard area.

*Defendant's Application for Trademark Registration*

34. On June 11, 2013, Defendant Natural Selection filed with the United States Patent and Trademark Office ("PTO") its intent-to-use Trademark/Service Mark Application Serial No. 85956881 ("Trademark Application") for the mark G.B. CRANE for "wines" and "vineyard and winery services, namely, the cultivation of grapes for others". The G.B. CRANE mark was published for opposition on

July 1, 2014. Beckstoffer filed its opposition on October 27, 2014 and Salvestrin filed its opposition on October 28, 2014, which it amended on October 29, 2014, with the Trademark Trial and Appeal Board ("TTAB"). Plaintiffs intend to seek stays of the opposition proceedings during the course of the instant litigation.

***Defendant's Infringement Of Salvestrin's Mark***

35. The G.B. CRANE mark is confusingly similar to Salvestrin's OLD CRANE vineyard designation mark and OLD CRANE RANCH mark. *Both refer to the very same historic wine grape vineyard area* located in St. Helena, Napa County, California. In connection with its prosecution of its Trademark Application, in its Response to Office Action dated March 12, 2014, Natural Selection expressly represented to the U.S. Patent and Trademark Office that G.B. CRANE is "publicly connected with the business in which the mark is used. Natural Selection's goods are wine, and the mark refers to one of the founders of the American wine industry." The G.B. CRANE mark is confusingly similar because it creates, in the minds of consumers, an association between G.B. CRANE and Salvestrin's marks OLD CRANE and OLD CRANE RANCH in that all of the marks refer to Dr. George Belden Crane and his historic Crane vineyard.

36. Defendant's Trademark Application acknowledges this association, as Defendant represented the following to the PTO: "Accordingly, the goods are of a nature that would be associated by *potential purchasers* with its historical significance…Further, Natural Selection's intended use of this mark reflects Natural Selection's location on the vineyards once owned and planted by Dr. Crane himself and thus the mark's historical reference is an homage and honor to the famed viticulturist that once worked those very same vineyards. Hence, the ***historical name will also be recognized*** as a symbol of historical origin and thus protectable." (emphasis added).

37. The G.B. CRANE mark is confusingly similar to Salvestrin's OLD CRANE vineyard designation mark and OLD CRANE RANCH mark because there would be no meaningful difference in the eyes of a consumer or the trade.

38. Salvestrin commenced use of its OLD CRANE vineyard designation and OLD CRANE RANCH trademark decades before Natural Selection's use of the mark began. For this reason, consumers have for decades recognized OLD CRANE and OLD CRANE RANCH as designating a single source of

9
COMPLAINT

vineyards and wines from the historic Dr. George Belden Crane vineyard. Therefore, OLD CRANE and OLD CRANE RANCH as used by Salvestrin have trademark significance in the minds of the relevant consumers and are associated with Salvestrin.

39. Natural Selection's applied-for mark "G.B. CRANE" expressly refers to the name of the original owner of Salvestrin's historical vineyard, which has been owned for over eight decades by Salvestrin's family (Salvestrin).

40. The term "CRANE" is a prominent feature of Salvestrin's OLD CRANE vineyard designation mark, Salvestrin's OLD CRANE RANCH trademark, and the G.B. CRANE mark for which registration is sought by Natural Selection.

41. Natural Selection's use of the G.B. CRANE name as described herein will cause consumers to be mistaken, deceived or confused as to an association, connection or affiliation with Salvestrin's OLD CRANE and OLD CRANE RANCH trademarks, which has significantly grown due to Salvestrin's hard work and diligence over many decades.

42. Natural Selection's conduct is willful, reckless and in complete disregard for Plaintiff Salvestrin's prior existing trademarks rights.

*Defendant's Infringement Of Beckstoffer's Mark*

43. The G.B. CRANE mark is confusingly similar to Beckstoffer's DR. CRANE mark because both refer to the same person, Dr. George Belden Crane. Defendant acknowledges during the course of prosecuting its Trademark Application in its Response to an Office Action refusing registration, that Defendant has no association with Dr. George Belden Crane. However, Defendant has admitted that the initials "G.B." stand for "George Belden". Defendant further admits during prosecution of its Trademark Application that "In connection with Napa Valley wines, the name G.B. Crane undoubtedly refers to George Belden Crane, an American viticulturist and winemaker in Napa Valley."

44. Defendant admits that the G.B. CRANE mark was adopted to create an association with Dr. Crane. Indeed, the G.B. CRANE mark creates, in the minds of consumers, an association between G.B. CRANE and Beckstoffer's mark DR. CRANE because both marks refer to the historic Crane vineyard as originally planted by Dr. George Belden Crane.

45. The G.B. CRANE mark is confusingly similar to Beckstoffer's mark DR. CRANE because there would be no meaningful difference in the eyes of a relevant consumer.

46. Natural Selection intends to use the mark G.B. CRANE for "wines" and "vineyard and winery services, namely, the cultivation of grapes for others," which are identical goods and services under which Beckstoffer's DR. CRANE mark is used in U.S. commerce.

47. Natural Selection's mark G.B. CRANE and Beckstoffer's mark DR. CRANE refer to the same historical vineyard area planted by the late Dr. Crane in St. Helena of the greater Napa Valley appellation.  Therefore, the mark G.B. CRANE and DR. CRANE have the same meaning and present the same commercial impression when applied to "wines" and "vineyard and winery services, namely, the cultivation of grapes for others."

48. Natural Selection's conduct is willful, reckless and in complete disregard for Plaintiff Beckstoffer's prior existing trademarks rights.

## COUNT I

## Unfair Competition (False Endorsement) Under Federal Law

49. Plaintiffs repeat and reallege the allegations contained in the foregoing paragraphs as if fully set forth herein.

50. Defendant's conduct as alleged herein is likely to cause confusion, mistake, or deception as to origin, sponsorship, or approval of its goods sold and services provided under the infringing G.B. CRANE mark, and create consumer confusion as to the source of such goods and services, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).  Defendant's conduct constitutes a willful and knowing attempt to trade on the goodwill which Plaintiffs have developed in their OLD CRANE, OLD CRANE RANCH and DR. CRANE marks.

51. As a result of Defendant's conduct, Defendant has caused Plaintiffs irreparable harm and injury and will continue to do so unless Defendant is restrained and enjoined by this Court from further violation of Plaintiffs' rights.

52. Plaintiffs have no adequate remedy at law.

## COUNT II

### Unfair Competition (False Advertising) Under Federal Law

53. Plaintiffs repeat and reallege the allegations contained in the foregoing paragraphs as if fully set forth herein.

54. Defendant's conduct as alleged herein constitutes false or misleading representations of fact, including commercial advertising or promotion that misrepresents the nature, characteristics, qualities, or geographic origin of Defendant's goods, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B).

55. As a result of Defendant's conduct, Defendant has caused Plaintiffs irreparable harm and injury and will continue to do so unless Defendant is restrained and enjoined by this Court from further violation of Plaintiffs' rights.

56. Plaintiffs have no adequate remedy at law.

## COUNT III

### Unfair Competition Under Cal. Bus. & Prof. Code §§ 17200, *et seq.* & 17500, *et seq.*

57. Plaintiffs repeat and reallege the allegations contained in the foregoing paragraphs as if fully set forth herein.

58. On information and belief, the acts of Defendant complained of herein constitute use of a false designation of origin which is likely to cause confusion, mistake or deception as to origin, sponsorship or approval, in violation of Cal. Bus. & Prof. Code § 17200, *et seq.*  The acts of Defendant complained of herein also constitute an attempt to trade on the goodwill which Plaintiffs have developed in their OLD CRANE, OLD CRANE RANCH and DR. CRANE marks.  Such acts, including, but not limited to, the use of the G.B. Crane Trade Names, the G.B. Crane Signature Mark and Natural Selection's "Letter C" Crest, further constitute false, misleading and unlawful representations made to the public with intent to mislead and deceive in violation of Cal. Bus. & Prof. Code § 17500, *et seq*.

59. By the acts complained of herein, Defendant has caused Plaintiffs irreparable harm and on information and belief, direct, actual and imminent injury, including, but not limited to, in that confused, relevant consumers have or will purchase products with or under the G.B. Crane mark based on the mistaken belief that such products are associated and/or have common origin with, Plaintiffs

and/or Plaintiffs' products, and will continue to do so unless Defendant is restrained and enjoined by this Court from further violation of Plaintiffs' rights.

60. Plaintiffs have no adequate remedy at law.

### COUNT IV

### Trademark Infringement Under Common Law

61. Plaintiffs repeat and reallege the allegations contained in the foregoing paragraphs as if fully set forth herein.

62. On information and belief, the acts of Defendant complained of herein is likely to cause confusion, or to cause mistake, or to deceive the purchasing public and others whereby purchasers and others would be led to mistakenly believe that Defendant is affiliated with, related to, sponsored by or connected with the OLD CRANE, OLD CRANE RANCH and DR. CRANE marks, in violation of the common law of the State of California governing unregistered names and marks.

63. By the acts complained of herein Defendant has caused and, unless restrained and enjoined by this Court, will continue to cause irreparable harm, damage and injury to Plaintiffs.

64. By the acts complained of herein, Defendant has caused Plaintiffs irreparable harm and injury and will continue to do so unless Defendant is restrained and enjoined by this Court from further violation of Plaintiffs' rights.

65. Plaintiffs have no adequate remedy at law.

### COUNT V

### Unfair Competition Under Common Law

66. Plaintiffs repeat and reallege the allegations contained in the foregoing paragraphs as if fully set forth herein.

67. On information and belief, the acts of Defendant complained of herein constitute misappropriation of valuable property rights of Plaintiffs and trading on the goodwill symbolized by the distinctive and famous OLD CRANE, OLD CRANE RANCH and DR. CRANE marks, and are thereby likely to confuse and deceive members of the purchasing public. By virtue of their aforementioned acts, Defendant has engaged in unfair competition in violation of the common law of the State of California governing unfair competition.

68. By the acts complained of herein, Defendant has caused Plaintiffs irreparable harm and injury and will continue to do so unless Defendant is restrained and enjoined by this Court from further violation of Plaintiffs' rights.

69. Plaintiffs have no adequate remedy at law.

## COUNT VI

### Declaratory Judgment

70. Plaintiffs repeat and reallege the allegations contained in the foregoing paragraphs as if fully set forth herein.

71. An actual, present and justiciable controversy has arisen between Plaintiffs and Defendant concerning Natural Selection's mark G.B. CRANE, Salvestrin's mark OLD CRANE and OLD CRANE RANCH, and Beckstoffer's mark DR. CRANE.

72. As alleged herein, Salvestrin began using its marks OLD CRANE and OLD CRANE RANCH as a vineyard designation since at least 1995. Beckstoffer has used the name DR. CRANE as a vineyard designation trademark since at least 1997. Defendant's use of the G.B. CRANE mark was at least 18 years after Plaintiffs' first use of the OLD CRANE and DR. CRANE marks.

73. As alleged herein, Defendant's use of the G.B. CRANE mark creates a likelihood for consumer confusion and a false connection, association or affiliation with Plaintiffs, in violation of 15 U.S.C. 1125(a), and should not be permitted to be used or registered.

74. As alleged herein, the G.B. CRANE mark used by Defendant is confusingly similar to Plaintiffs' marks OLD CRANE, OLD CRANE RANCH and DR. CRANE, and Trademark/Service Mark Application Serial No. 85956881 is inconsistent with Plaintiffs' federal, state and common law rights in their marks OLD CRANE, OLD CRANE RANCH and DR. CRANE, and damaging to Plaintiffs, and should not be permitted to be used or registered.

75. To the extent that Natural Selection will use the G.B. CRANE name on blended wines made from grapes grown in other areas, *i.e.*, *not grown in the historic G.B. CRANE vineyard area*, Natural Selection's applied-for mark is primarily geographically misdescriptive, within the meaning of Section 2(e) of the Lanham Act, 15 U.S.C. §1052(e) and should not be permitted to be used or registered. Natural Section's use of the G.B. CRANE mark will misleadingly describe the historic G.B.

CRANE vineyard area as the source of wine grapes actually grown elsewhere and used in Natural Selection's wines.

76. Plaintiffs will be damaged by the use and registration of Natural Selection's G.B. CRANE mark because the G.B. CRANE mark so resembles Plaintiff's marks, previously used in the United States by Plaintiffs and not abandoned, as to be likely, when used by Natural Selection on or in connection with "wines" and "vineyard and winery services, namely, the cultivation of grapes for others," to cause confusion, or to cause mistake, or to deceive, as to the origin or source of goods and services or as to an affiliation with Plaintiffs, within the meaning Section 2(d) of the Lanham Act, 15 U.S.C. §1052(d), such that Serial No. 85956881 should not be permitted to be registered.

77. A judicial determination of this controversy is necessary and appropriate for the parties to ascertain their respective rights, duties and obligations with respect to Defendant's acts complained of herein.

78. Plaintiffs seek declaratory judgment from this Court that:

(A) Defendant has unfairly competed with Plaintiffs by the acts complained of herein in violation of federal, state and common law.

(B) Defendant has unfairly competed with Plaintiffs by the acts complained of herein in violation of Plaintiff's rights under Cal. Bus. & Prof. Code §§ 17200, *et seq*.

(C) Defendant has infringed the OLD CRANE, OLD CRANE RANCH and DR. CRANE trademarks in violation of Plaintiff's rights under the common law of the State of California governing trademarks and has damaged Plaintiffs' goodwill by the acts complained of herein.

(D) Defendant has unfairly competed with Plaintiffs by the acts complained of herein in violation of the Plaintiff's rights under the common law of the State of California governing unfair competition.

(E) Defendants infringement and unfair competition has been willful, reckless and in complete disregard for the prior trademark rights of Plaintiffs.

(F) Defendant should be precluded from using and obtaining a registration of the mark G.B. CRANE.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs ask this Court to:

A. Grant a preliminary and thereafter a permanent injunction restraining and enjoining Defendant and all those in privity, concert or participation with Defendant from:

   i. Using and registering the name and mark "G.B. CRANE," in connection with the growing of wine grapes and the production and sale of wine, wine products, or any vineyard or winery services;

   ii. Using and registering Natural Selection's G.B. Crane Trade Names in connection with the growing of wine grapes and the production and sale of wine, wine products, or any vineyard or winery services;

   iii. Using and registering Natural Selection's Signature Mark in connection with the growing of wine grapes and the production and sale of wine, wine products, or any vineyard or winery services;

   iv. Using and registering Natural Selection's Letter "C" Crest in connection with the growing of wine grapes and the production and sale of wine, wine products, or any vineyard or winery services arising from or related to the historic Crane vineyard;

   v. Manufacturing, producing, distributing, circulating, selling or otherwise disposing of any printed or electronic material which bears the name or mark G.B. CRANE or any copy or colorable imitation of the OLD CRANE, OLD CRANE RANCH or DR. CRANE trademarks;

   vi. Using any unauthorized copy or colorable imitation of the OLD CRANE, OLD CRANE RANCH or DR. CRANE trademarks in such fashion as is likely to falsely relate or connect Defendant with Salvestrin or Beckstoffer;

   vii. Using any name or designation of origin containing the term CRANE in connection with the historic Crane vineyard which can or is likely to lead the trade or public, or individual members thereof, to be confused, mistaken or deceived that any service advertised, promoted, offered or sold by Defendant is

                sponsored, endorsed, connected with, approved or authorized by Salvestrin or Beckstoffer;

      viii.    Causing a likelihood of confusion, mistake or deceit, and therefore, injury to Plaintiffs' reputations and the distinctiveness of the OLD CRANE, OLD CRANE RANCH and DR. CRANE trademarks by the use of the name/mark G.B. CRANE;

      ix.    Engaging in any other activity constituting unfair competition or infringement of the OLD CRANE, OLD CRANE RANCH or DR. CRANE trademarks or Plaintiffs' rights in, or to use, or to exploit the same; and

      x.    Assisting, aiding or abetting another person or business entity in engaging or performing any of the activities enumerated in subparagraphs (i) through (viii) above.

B.    Find that Defendant has infringed the OLD CRANE, OLD CRANE RANCH and DR. CRANE trademarks in violation of federal law.

C.    Find that Defendant has unfairly competed with Plaintiffs by the acts complained of herein in violation of federal law.

D.    Find that Defendant has infringed the OLD CRANE, OLD CRANE RANCH and DR. CRANE trademarks in violation of Plaintiffs' rights under the common law of the State of California governing names and marks and Defendant has damaged Plaintiffs' respective goodwill by the acts complained of herein.

E.    Find that Defendant has unfairly competed with Plaintiffs by the acts complained of herein in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq*. and 17200, *et seq*.

F.    Find that Defendant has unfairly competed with Plaintiffs by the acts complained of herein in violation of the common law of unfair competition of the State of California.

G.    Find that Defendant's infringement and unfair competition has been willful, reckless and in complete disregard for Plaintiffs' prior existing trademark rights.

H.    Grant an order requiring Defendant and any principals, agents, servants, employees, successors and assigns of and all those in privity or concert with Defendants who receive actual notice

of said order, to deliver up and/or destroy all signs, articles, and promotional, advertising and any other printed or electronic materials of any kind bearing the name and mark G.B. CRANE and all names and trademarks confusingly similar to the OLD CRANE, OLD CRANE RANCH and DR. CRANE trademarks, including but not limited to recalling all product (*e.g.*, bottled wine) bearing the G.B. CRANE mark, and requiring Defendant to notify relevant wholesalers, distributors and retailers that the G.B. CRANE brand is cancelled.

      I.     Find Defendant liable and award to Plaintiffs monetary damages in an amount to be fixed by the Court in its discretion as just, including all of the Defendant's profits or gains of any kind resulting from their willful infringement, said amount to be trebled, and exemplary damages in view of the intentional nature of the acts complained of herein, pursuant to 15 U.S.C. § 1117.

      J.     Grant an Order requiring Defendant to abandon with prejudice Trademark and Service Mark Application Serial No. 85956881.

      K.     Grant an Order requiring Defendant and all those in concert with it to abandon any registration of labels bearing the name or mark G.B. CRANE, Natural Selection's Trade Names, Natural Selection's Signature Mark and Natural Selection's Letter C Crest, or any name or mark similar thereto having an association with G.B. Crane or the historic Crane vineyard.

      L.     Award to Plaintiffs their attorneys' fees, due to the exceptional nature of this case, and all of Plaintiffs' costs and expenses of litigation.

      M.     Enter such other and further relief to which Plaintiffs may be entitled as a matter of law or equity, or which this Court determines to be just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38 and Civil Local Rule 3-6, Plaintiffs hereby demand a jury trial on all issues so triable.

Dated: December 10, 2014          GREENBERG TAURIG, LLP

                                      By: */s/ E. Patrick Ellisen*
                                            E. Patrick Ellisen
                                            Karen Rosenthal

                                            Attorneys for Plaintiffs,
                                            SALVESTRIN WINE COMPANY and
                                            BECKSTOFFER VINEYARDS